# EXHIBIT A

State of New York - Department of State
Division of Corporations

Party Served:
NATIONAL RECOVERY AGENCY, INC.

Plaintiff/Petitioner:
TYRNAUER, BERNARD

NATIONAL RECOVERY AGENCY, INC.
PO BOX 67015
HARRISBURG,  PA 17106

Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of State on 04/07/2015 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW. This copy is being transmitted pursuant to such statute to the address provided for such purpose.

Very truly yours,
Division of Corporations

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS

**019254**

BERNARD TYRNAUER
  Plaintiff,

-against-

NATIONAL RECOVERY AGENCY
  Defendant.

Index No._____

**SUMMONS**

Plaintiff's Residence Address:
1237 45TH Street
Brooklyn, NY 11219

Defendant's Residence Address:
National Recovery Agency
C/O New York Secretary of State
Office of the Department of State
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231

The basis of the venue designated is:
Plaintiff resides in Kings County

SERVED BY
SERVICO
WWW.SERVICO.COM
SINCE 1924
EXPERTS IN ALL LEGAL PAPERS

To the above named defendant:

YOU ARE HEREBY SUMMONED to appear in the Civil Court of the City of New York, County of Kings, at the office of the Clerk of said Court at 141 Livingston Street, Brooklyn, in the County of Kings, City and State of New York, within the time provided by law as noted below and to file your answer to the annexed complaint with the Clerk; upon failure to answer, judgment will be taken against you for the sum of $15,000.00 with interest thereon from the 2nd day of April, 2015.

Dated, 2nd day of April, 2015

*[handwritten: National Recovery Agency
2491 Paxton Street
Harrisburg, Pa 17111]*

_____
Daniel Kohn, Esq.
Attorneys for Plaintiff Bernard Tyrnauer
RC Law Group, PLLC
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282–6500 Ext. 201
Fax: (201) 282– 6501

**FILED**
**CLERKS OFFICE**
APR 03 2015
**CIVIL COURT**
**KINGS COUNTY**

NOTE: The law provides that:
(a) If this Summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY (20) days after such service; or

(b) If this Summons is served by delivery to any other person other than you personally, or is served outside the City of New York, or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed THIRTY (30) days after the proof of service is filed with the Clerk of this Court within which to appear and answer.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS

---

BERNARD TYRNAUER )   Index No._____
                Plaintiff, )
                          )   **COMPLAINT**
    -against- )
                          )
NATIONAL RECOVERY AGENCY )
                Defendant.)

---

Plaintiff Bernard Tyrnauer ("Plaintiff" or "Tyrnauer") by and through his attorneys, RC Law Group, PLLC, as and for its Complaint against Defendant National Recovery Agency ("Defendant" or "NRA") respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

2. Additionally Plaintiffs bring this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of section 227 et. seq. of Title 47 of the United States Code, commonly referred to as the Telephone Consumer Protection Act ("TCPA").

## PARTIES

3. Plaintiff is a resident of the State of New York, County of Kings, residing at 1237 45th Street, Brooklyn, NY 11219.

4. Defendant is a debt collector with an address at 2491 Paxton Street, Harrisburg, PA, 17111.

5. National Recovery Agency is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a(6) and used in the FDCPA.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in this judicial district pursuant under N.Y. CVP. Law 301(a), because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## FACTUAL ALLEGATIONS

8. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

9. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

10. This debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

### Collection Calls

11. During the course of the past year the Plaintiff began to receive collection calls from Defendant on his cell phone.

12. Plaintiff never authorized Defendant or any creditor to call his cell phone.

13. Defendant continued to harass Plaintiff with phone calls.

14. Additionally when a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice which must include the following information:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

15. The FDCPA further provides that if the consumer notifies the debt collector in writing within the thirty day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection . . . until the debt collector obtains verification of the

debt... and a copy of such verification is mailed to the consumer by the debt collector. 15 U.S.C. § 1692g(b).

16. Defendant sent the Plaintiff an initial collection letter.

17. In response to this collection letter, within the proscribed 30 days, Plaintiff sent a debt validation request to Defendant.

18. Defendant attempt to validate the debt was deceptive on its face as it contained the words, "phrase "please note there may be some additional accounts not included above," on the debt validation.

19. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

20. These call from Defendant to Plaintiff was a collection communications in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(8), 1692e(10), 1692f, and 1692f(1).

21. These calls from Defendant to Plaintiff was a collection communications in violation of numerous and multiple provisions of the TCPA, including but not limited to 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 227(c)(5)(B).

*Respondeat Superior Liability*

22. The acts and omissions of the debt collectors employed as agents by Defendants who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

23. The acts and omissions by the other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendants in collecting consumer debts.

24. By committing these acts and omissions against Plaintiff, the debt collectors were motivated to benefit their principal, Defendant.

25. Defendant is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by these individual Defendant and its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiff.

### *Summary*

26. The above-detailed conduct by Defendants of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA and TCPA, including but not limited to all of the above-mentioned provisions of the FDCPA and TCPA.

27. Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

28. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

### FIRST CAUSE OF ACTION
(Violations of the FDCPA)

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

30. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(8), 1692e(10), 1692f, and 1692g.

31. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
### (Invasion of Privacy By Intrusion Upon Seclusion)

32. Plaintiff repeats, reiterates and incorporates the allegations contained in all of the paragraphs of this Complaint with the same force and effect as if the same were set forth at length herein.

33. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff.

34. Defendant intentionally caused harm to Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of collecting a debt.

35. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

36. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

37. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT)

38. Plaintiff repeats, reiterates and incorporates the allegations contained in all of the paragraphs of this Complaint with the same force and effect as if the same were set forth at length herein..

39. The TCPA prohibits a person from making any non-emergency call using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone phone number assigned to a cellular telephone service. 47 U.S.C. § 227 (b), See 47 CFR 64.1200 (a)(1).

40. Defendant used an automatic telephone dialing system when it called Plaintiff's cellular telephone in violation of 47 U.S.C. § 227 (b)(1)(A), 47 CFR 64.1200 (a)(1).

41. Defendant used an artificial or prerecorded voice when it called Plaintiff's cellular telephone in violation of 47 U.S.C. § 227 (b)(1)(A).

42. Defendant willfully or knowingly violated the TCPA, 47 U.S.C. § 227, entitling Plaintiff to three times the damages available under 47 U.S.C. § 227(c)(5)(B).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Yaakov Gluck demands judgment from the Defendant Paul Michael Associates, as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) A declaration that the Defendants practices violated the FDCPA; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: Hackensack, New Jersey
April 2, 2015

_____
RC Law Group, PLLC
By: Daniel Kohn, Esq.
285 Passaic Street
Hackensack, NJ 07601
Phone: 201.282.6500 ext. 201
Fax: 201.282.6501

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS

Index No. _____

BERNARD TYRNAUER

Plaintiff

-against-

NATIONAL RECOVERY AGENCY

Defendant

## SUMMONS & COMPLAINT

### Revaz Chachanashvili Law Group, PLLC

*Attorneys for Plaintiff*
*Office Information*:
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR. 1200.41-a.*

*Dated: April 2, 2015    Signature: ..................................*
*Daniel Kohn*

### AFFIRMATION

Daniel Kohn, an attorney being admitted to practice before the Courts of this State, affirms under penalty of perjury:
1. I, Daniel Kohn, Esq., am attorney for Plaintiff Bernard Tyrnauer

Dated: April 2, 2015

Daniel Kohn